## University of Maine *vs.* J. Wesley Pratt.

### Franklin.    Opinion March 11, 1921.

*An offer by letter, accepted by letter containing the request "I would be glad if you would send your check for $1,000 to bind the trade," followed by the reply "—I will mail you check for $1,000 in a few days," constitutes a completed contract, although the check was never sent.*

On August 28, 1919 the defendant made a written offer to buy of the plaintiff the entire crop of apples at Highmoor Farm.   The plaintiff through Charles D. Woods, director, accepted the offer by letter dated Sept. 2, 1919, the last sentence of which was "I would be glad if you would send your check for $1,000 to bind the trade."   On Sept. 6 the defendant replied "I have your letter of Sept. 2nd confirming sale of apples—— I will mail you check for $1000 in a few days."   The check was not sent.

The defendant argues that the acceptance by the plaintiff was conditional upon the payment of $1000 "to bind the trade" and that the payment not having been made no trade was bound, no contract was made and that he was legally justified in refusing to take and pay for the apples.

The plaintiff contends that the acceptance was absolute and that no condition or qualification can be spelled out of the language relating to advance payment.

Assuming however without deciding that Woods letter of Sept. 2nd was a qualified acceptance the defendant was not bound to assent to the qualification. He could have treated the letter as a rejection of his offer.

But treating the letter as a qualified acceptance he assented to the qualification, and by letter of Sept. 6th expressly promised to pay $1000 in a few days.

Instead of sending his check to bind the trade the defendant tendered his written promise to pay in a few days.   The plaintiff accepted this modification of the condition.

Then the minds of the parties met and the contract was complete.

On report.   This is an action to recover damages for a breach of contract.   The defendant pleaded the general issue and under a brief statement set up the statute of frauds.   The defendant by letter offered to buy the entire crop of apples at Highmoor Farm.

The plaintiff accepted the offer by letter closing with "I would be glad if you would send your check for $1000 to bind the trade." Defendant replied "I have your letter of Sept. 2nd confirming sale of apples—I will mail you check for $1000 in a few days." The check was not sent. By agreement of the parties the case was reported to the Law Court with a stipulation as to damages. Judgment for plaintiff for one thousand seven hundred twenty-eight dollars and thirty-two cents and interest from date of writ.

The case is fully stated in the opinion.

*Elmer E. Richards,* for plaintiff.

*Frank W. Butler,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, WILSON, DEASY, JJ.

DEASY, J. On report. On August 28, 1919 the defendant made a written offer to buy of the plaintiff the entire crop of apples at Highmoor Farm. The plaintiff through Charles D. Woods director, accepted the offer by letter dated Sept. 2, 1919, the last sentence of which was "I would be glad if you would send your check for $1000 to bind the trade." On Sept. 6 the defendant replied "I have your letter of Sept. 2nd confirming sale of apples . . . . I will mail you check for $1000 in a few days." The check was not sent.

The defendant argues that the acceptance by the plaintiff was conditional upon the payment of $1000 "to bind the trade" and that the payment not having been made no trade was bound, no contract was made and that he was legally justified in refusing to take and pay for the apples.

The plaintiff contends that the acceptance was absolute and that no condition or qualification can be spelled out of the language relating to advance payment.

Assuming however without deciding that Woods letter of Sept. 2nd was a qualified acceptance the defendant was not bound to assent to the qualification. He could have treated the letter as a rejection of his offer. *Jenness* v. *Iron Co.,* 53 Maine, 20; *Stock* v. *Towle,* 97 Maine, 408; *Furbish* v. *Chapman,* 118 Maine, 449.

But treating the letter as a qualified acceptance he assented to the qualification, and by letter of Sept. 6th expressly promised to pay $1000 in a few days. Then the minds of the parties met and the contract was complete.

Giving to the phrase "to bind the trade" all the meaning and force claimed for it by the defendant it falls far short of sustaining the defense.

Instead of sending his check to bind the trade the defendant tendered his written promise to pay in a few days. The plaintiff accepted this modification of the condition. From this time both parties evidently regarded the contract as closed.

It is urged that the defendant Pratt could not maintain an action on the contract without first paying or tendering $1000. This is true. But the defense that would defeat his action is not that he made no contract, but that he violated it in failing to make the advance payment as agreed.

The contract having been proved by letters which abundantly satisfy the statute of frauds it is unimportant that there was nothing paid "in earnest to bind the bargain." The damages are fixed by stipulation.

> *Judgment for plaintiff for one thousand seven hundred twenty-eight dollars and thirty-two cents and interest from date of writ.*